**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Hardeman-Crossan, | No. CV-26-03397-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

Plaintiff April Hardeman-Crossan filed a complaint and an application to proceed in forma pauperis. (Docs. 1, 3.) The application is granted but that requires the court determine whether plaintiff has stated a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). She has not.

Plaintiff alleges she is "under 24 hour surveillance against [her] will by vehicle and drones." (Doc. 1 at 7.) Plaintiff alleges she was first followed by drones in 2009 at her workplace. (Doc. 1 at 13.) In 2011, plaintiff "started noticing the feeling coming from the drones" and "[t]he feelings hurt." (Doc. 1 at 13.) In 2016, plaintiff's ex-husband filed a false police report. (Doc. 1 at 13.) And from 2016 to 2018, plaintiff was involved in a custody dispute or other legal proceedings with her ex-husband. (Doc. 1 at 14.) It is not clear how the false police report or legal proceedings relate to the surveillance and drones.

As of 2025, drones and unidentified persons follow plaintiff into grocery stores, to her place of work, and to her daughter's place of work. (Doc. 1 at 8.) Beginning in April 2025, plaintiff complained to the Phoenix Police Department that she was being stalked.

The Phoenix Police Department did not take any action in response to plaintiff's complaints. Plaintiff appears to believe the drones belong to the state or local government and the persons stalking her are also somehow connected to law enforcement. But plaintiff's allegations regarding this connection are difficult to understand. The connection appears to involve the Phoenix Police Department using "watchmen or posse members." (Doc. 1 at 29.)

Plaintiff filed this suit against the Phoenix Police Department, the City of Phoenix, and the State of Arizona. Her theory appears to be that government officials know of the illegal drone activities targeting plaintiff but have refused to act (Doc. 1 at 17), or government officials themselves are "using a weaponized drone on" her. (Doc. 1 at 28.) Plaintiff believes the drone usage and other activities violate her rights under the Fourth and Fourteenth Amendments. She seeks $30 million dollars in damages as well as "[l]aws making all parties uphold the law." (Doc. 1 at 4.)

A court may dismiss a wholly insubstantial and frivolous complaint for lack of jurisdiction. *Bradshaw v. MI5, Off. of the Inspector General*, No. 25-4397, 2026 WL 1258776, at *1 (9th Cir. May 7, 2026). A complaint qualifies as frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no arguable basis when the facts alleged "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Plaintiff's factual allegations regarding constant drone surveillance, unidentified individuals altering the hinges on her door, and "watchmen or posse members," lack an arguable basis in fact. The complaint is dismissed on that basis.

Even assuming the complaint's factual allegations were more plausible, the complaint would still be subject to dismissal. The Phoenix Police Department is a "non-jural entity" that cannot be sued. *Machowicz v. Maricopa Cnty.*, No. CV-21-00316-PHX-JJT, 2021 WL 4319206, at *3 (D. Ariz. Sept. 23, 2021). And plaintiff cannot sue the State of Arizona in federal court. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

Although it is possible plaintiff could file suit against the City of Phoenix, the complaint does not identify the particular City of Phoenix employees who allegedly harmed plaintiff and the city cannot be sued "solely because an injury was inflicted by its employees or agents[.]" *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff also fails to identify any policy or practice that harmed her. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Based on the factual allegations lacking an arguable basis and the legal flaws with the identified defendants, leave to amend would be futile. *See, e.g.*, *Weisman v. Paparo*, No. 2:25-CV-00222-LK, 2025 WL 2337263, at *3 (W.D. Wash. Aug. 13, 2025).

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

Dated this 26th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 3 -